# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Cr. ID No. 1501004820 |
| | ) | |
| KEVIN BAYARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: November 18, 2016
Decided: December 2, 2016

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.

Periann Doko, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Kevin Bayard, Howard R. Young Correctional Institute, Wilmington, Delaware, *pro se*.

**MAYER,** Commissioner

This 2nd day of December, 2016, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

**BACKGROUND, FACTS AND PROCEDURAL HISTORY**

1. On February 16, 2015, Defendant, Kevin Bayard, was indicted on the charges of Drug Dealing Tier 4, Aggravated Possession, Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited and Possession of a Weapon With Removed, Obliterated, or Alterated Serial Number as well as Possession of Marijuana and Possession of Drug Paraphernalia. At the time, Defendant was eligible for consideration as a habitual offender due to previous convictions of Possession with the Intent to Deliver in March 2006 and Trafficking Cocaine in June 2006.

2. The charges in 2015 originated when an on-going investigation culminated with a car stop on January 9, 2015. In short, the police were contacted by a confidential informant and they eventually observed the informant calling Defendant's cell phone to set up a controlled purchase. While under surveillance, Defendant met with the informant who returned with a substance that field tested positive for cocaine. The police later found Defendant operating a motor vehicle, and knowing his license was suspended/revoked, the vehicle was stopped. At the time of the stop, the police recovered 48 grams of crack cocaine from the passenger. However, Defendant later admitted, after *Miranda* had been read to

him, that he gave the narcotics to her to hide.  Based on additional statements made by Defendant, a search warrant was conducted of Defendant's residence and the police located 14.1 grams of crack cocaine and a black 9 mm handgun with an obliterated serial number loaded with 4 rounds of ammunition.  According to the State, after Defendant was again read his *Miranda* rights, he admitted to selling crack cocaine and that the narcotics were his.

3.      During the course of the proceedings, trial counsel filed several motions on behalf of Defendant including: (i) a Motion to Suppress[1] that challenged both the stop, search and statements; and (ii) a Motion to Exclude or Compel[2] that addressed unrecorded statements made by Defendant to the police.

4.      Defendant pled guilty on July 16, 2015 to Drug Dealing and Possession of a Firearm by a Person Prohibited.  By way of the Plea Agreement, the State agreed that with respect to the Possession of a Firearm charge, it would recommend 15 years at Level 5 suspended after 10 years, followed by decreasing levels of probation, and for the Drug Dealing charge, it would recommend 15 years at Level 5, suspended after 2 years, followed by decreasing levels of probation.  The State also agreed not to petition Defendant a habitual offender.  Defendant

---

[1] DI # 10.

[2] DI # 15.

acknowledged that he was facing a minimum sentence of 10 years on the Possession of a Firearm charge due to his prior violent felony convictions.

5.      On July 21, 2015, Defendant signed the Truth-In Sentencing form.  By signing the form, he indicated he was satisfied with his lawyer's representation and he had been fully advised of his rights.  On that date, Defendant was sentenced and the Court imposed a sentence consistent with the recommendation from the State.

6.      On May 2, 2016, Defendant filed the instant Motion for Post-Conviction Relief.[3]  The Motion argues (i) Counsel was ineffective for failing to question the validity of the police officer's statement in the Affidavit of Probable Cause because the phone number used for the controlled drug deal was disconnected; (ii) Counsel was ineffective and his 4th and 5th Amendment rights were violated because Defendant was never cited for the traffic violations that were a pretext for the stop; and (iii) Counsel was ineffective and the plea was coerced because counsel had a "lack of interest in challenging any accusations or claims made by the police department or prosecution."

---

[3] DI # 30.  Defendant also filed two Motions to Modify Sentencing (DI # 25, 27, 28, 29) and a Motion for Appointment of Counsel (DI # 34, 35).

7.      Before ruling on Defendant's Motion, the record was enlarged and Defendant's trial counsel submitted an Affidavit[4] and the State also filed a response to the Motion.[5] Defendant then filed a reply on November 18, 2016.[6]

**ANALYSIS OF DEFENDANT'S RULE 61 MOTION**

8.      Defendant's Motion raises a number of claims. The Court must first determine whether there are any procedural bars to the motion before considering the merits.[7] This is Defendant's first motion for postconviction relief and it was timely filed pursuant to Superior Court Criminal Rule 61.

9.      In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[8] When a defendant has plead guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty and would have

---

[4] DI # 36.

[5] DI # 37.

[6] DI # 38.

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[8] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

insisted on going to trial.[9]  Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[10] Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[11]  Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[12]

10.     Defendant first argues that Counsel should have challenged the Affidavit of Probable Cause because the phone number used for the controlled drug deal was disconnected.  Counsel though did attempt to discredit the informant through a request for an *in camera* hearing with the Court.  Counsel also filed a Motion to Suppress contesting the legality of the stop, the search warrant, and Defendant's statements.  The State was prepared to offer the testimony of Detective Mullin who was present when the call was made to set up the meeting and personally observed the controlled purchase.[13]  In light of these facts, this claim is without support.

---

[9] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[10] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).

[11] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[12] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[13]  Defendant's argument that the phone number was not in service is irrelevant as the officer personally observed the controlled purchase.  Furthermore, although Defendant spends a significant amount of time in his reply attacking the Affidavit of Probable Cause, he ignores the State's actual evidence that included the testimony of the Detective, statements made by the Defendant and the physical evidence obtained from the searches.

11.     Next, Defendant argues that Counsel was ineffective because he was never cited for the traffic violations that were a pretext to the stop.  However, Defendant was in fact issued a traffic citation.[14]  Counsel for Defendant also filed a Motion to Suppress seeking to challenge the legality of the arrest (i.e. the pretext for the stop) on the basis that Defendant did not have a suspended license.  Counsel also raised other arguments as well.[15]  Further, Defendant's argument lacks support because any pretextual reasons or actual motivations involving the officer's actions are irrelevant as long as the officer makes a traffic stop based on a violation of the traffic code in his presence.[16]

12.     Defendant's third argument is that his plea was coerced and counsel was ineffective generally for failing to challenge the claims made by the State.  A review of the transcript from the plea hearing belies this argument.[17]  During the plea colloquy, in response to questions from the Court, Defendant recognized that the Motion to Suppress and the Motion to Compel would no longer be decided by the Court, acknowledged the Plea Agreement and Truth-in-Sentencing form,

---

[14] *See* Exhibit A to State's Response at DI #37.

[15] In addition, Counsel filed a Motion to Exclude and/or Compel and presented several arguments in an effort to exclude Defendant's statements to the police and to compel the State to provide additional information regarding any other previously unrecorded statements.

[16] *State v. Turner*, 2016 WL 105668, at *2 (Del. Super. Jan. 5, 2016).

[17] July 21, 2015 Transcript of Plea Colloquy (hereinafter "Tr. at _____").

indicated he was satisfied with his counsel's representation, and that by pleading guilty he was waiving certain rights including the right to a trial, to confront witnesses against him, and present evidence in his defense.[18] Defendant was read the charges of Drug Dealing and Possession of a Firearm and pled guilty.[19] Defendant indicated he was not forced or threatened into entering the guilty plea.[20]

13.     The Court engaged in a detailed colloquy with Defendant and confirmed that it was made knowingly and voluntarily.  Defendant has provided no basis to deviate from the Court's decision to accept the plea and has offered no facts or circumstances to support coercion.[21]  Defendant is now bound by his answers and has failed to offer clear and convincing evidence that his guilty plea was coerced.[22]

14.     Defendant has also failed to establish any prejudice arising from Counsel's representation.  As evidenced from the Affidavit of Counsel and the exhibit attached thereto, Counsel advised Defendant (i) that he was facing sentencing as a habitual offender; (ii) there was the possibility of a minimum sentence of 40 years on two charges or a life sentence; (iii) there was a mandatory minimum of 10 years

---

[18] Tr. at pgs. 5-11.

[19] Tr. at pgs. 8-9.

[20] Tr. at pg. 10.

[21] *Windsor v. State*, 2015 WL 5679751 , at *3 (Del., Sept. 25, 2015) (holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements).

[22] *State v. Brown*, 2010 WL 8250799, at *3 (Del. Super., Apr. 14, 2010), citing, *Somerville v. State*, 703 A.2d 629 (Del. 1997).

on the Possession of a Firearm charge without a habitual offender determination, in addition to the other charges; and (iv) that Counsel anticipated presenting certain arguments on his behalf and did in fact attempt to seek less severe sentencing. Defendant has not shown that but for errors or omissions on trial counsel's part, he would not have pled guilty and would have gone to trial. In this case, the plea provided Defendant with a clear benefit – not being declared a habitual offender and a sentence substantially less than what could have been imposed (i.e. life in prison). In consideration of the totality of the facts and circumstances herein, Defendant has failed to rebut the presumption of reasonable professional conduct under the circumstances as well as the second prong requiring Defendant to demonstrate actual prejudice.

For all the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

_/s/  Katharine L. Mayer_
Commissioner Katharine L. Mayer

oc:   Prothonotary
cc:   Periann Doko, Esquire
      Kevin Bayard